**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ADVANCED TECHNOLOGIES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **INVERNESS VILLAGE, INC. and** | ) | |
| **ASBURY SERVICES, INC.,** | ) | **Case No. 05-CV-254-TCK-SAJ** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**ORDER**</u>

Before the Court is Defendant Asbury Services, Inc.'s Motion to Dismiss For Failure to State

a Claim (Docket No. 9).  Defendant Asbury Services, Inc. moves to dismiss all claims against it on

grounds that it cannot be held liable for the actions alleged in the Complaint because it is not a party

to the contract at issue in this case.

**I.      Background**

Plaintiff Advanced Technologies ("Plaintiff") sued Defendants Inverness Village, Inc.

("Inverness") and Asbury Services, Inc. ("Asbury") for breach of contract.  Asbury is the parent

corporation of Inverness, a retirement community in Tulsa, Oklahoma.  On September 28, 2004,

Plaintiff entered a Master Services Agreement (the "Contract") with Inverness whereby Plaintiff was

to provide cable television and other communications services to Inverness.  The Contract contains

an "Assignment" provision, which states that the parties "may not transfer or otherwise assign the

Agreement without prior written consent, which consent may not unreasonably be withheld."

(Complaint, Ex. A, ¶ 34.)  Plaintiff alleges that Defendants are in anticipatory breach of the contract

by unreasonably withholding their consent to Plaintiff's assignment of the contract to the party of

1

its choosing, Multiband USA. Plaintiff further alleges that Defendants have undertaken negotiations with Cox Communications in bad faith and that Defendants have improperly repudiated the Contract by attempting summary termination.  (*See* Complaint, ¶¶ 9-13.)[1]

## II.    Standard for Motion to Dismiss

For a motion made under  FED. R. CIV. P. 12(b)(6) to succeed, Defendants must show that, as a matter of law, Plaintiff has failed to state a claim upon which relief can be granted.  It must appear "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  In evaluating a motion to dismiss, a court must accept all well-pled allegations as true and indulge all reasonable references in favor of plaintiff.  *See Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1251 (10th Cir. 1997); *Weatherford v. Globe Int'l, Inc.*, 832 F.2d 1226, 1228 (10th Cir. 1987).  "'When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.    Discussion

Asbury moves to dismiss all claims against it because the contract at issue is only between Plaintiff and Inverness.  Plaintiff alleges that Asbury is a proper defendant in the lawsuit based on three theories of liability.  First, Plaintiff contends that Asbury has consistently acted as an agent for Inverness (its subsidiary corporation) in its dealings with Plaintiff regarding the Contract.

---

[1]  Although the Complaint refers to the singular "defendant," Plaintiff's response makes clear that it seeks to hold both Inverness and Asbury liable for all causes of action alleged in the Complaint.

Specifically, Plaintiff alleges that two employees of Asbury, Mr. Joseph and Mr. Herr, made statements and sent emails that form the primary basis of Plaintiff's claim of anticipatory breach and/or repudiation.  Second, Plaintiff contends that Asbury is the alter ego of Inverness, such that Inverness is "nothing more than an instrumentality of Asbury with respect to the negotiation of the Contract and the events following such negotiations."  Finally, Plaintiff contends that Asbury may be liable for tortious interference with the Contract between Plaintiff and Inverness.  Specifically, Plaintiff alleges that two employees of Asbury, Mr. Joseph and Mr. Burns, participated in a call whereby Plaintiff was not "permitted" to obtain the assistance of counsel and whereby Mr. Joseph demanded that Plaintiff release Inverness from the Contract.  In sum, Plaintiff alleges that Asbury is a proper party to the suit either as the agent of Inverness, the alter ego of Inverness, or as a separate entity for tortious interference with the Contract between Plaintiff and Inverness.

A.      Asbury's Liability for Breach of Contract

Asbury admits that it acted as an agent of Inverness in dealing with Plaintiff regarding the Contract.  However, under Oklahoma law, an agent for a disclosed principal cannot be held liable for a principal's breach of contract.  *See Shebester v. Triple Crown Ind.*, 826 P.2d 603, 609 (Okla. 1992) ("One who deals as an agent in behalf of a disclosed principal is not liable for the latter's *ex contractu* breach.  The doctrine's rationale is that an agreement made with a known agent for a disclosed principal is a contract with the principal alone."); *Bane v. Anderson, Bryant & Co.*, 786 P.2d 1230, 1234 (Okla. 1990) ("The general rule is that a contract made with a disclosed principal is a contract with the principal alone.").  In this case, Inverness was a disclosed principal.  Plaintiff knew that, although it had communications and dealings with Asbury employees, it was entering into the Contract with Inverness.  In this situation, Asbury cannot be held liable for Inverness'

alleged breach of contract based on an agency theory.[2]

Plaintiff also argues that Asbury can be held liable for Inverness' alleged breach because Inverness is a mere alter ego of Asbury.  In order to hold Asbury liable under an alter ego theory, Plaintiff must ultimately prove that Asbury's control over Inverness is so complete as to render the subsidiary an instrumentality of the parent.  *See Frazier v. Bryan Memorial Hosp.*, 775 P.2d 281, 288 (Okla. 1989) ("If one corporation is but an instrumentality or agent of another, corporate distinctions must be disregarded and the two separate entities must be treated as one."); *Edgar v. Fred Jones Lincoln-Mercury of Oklahoma City*, 524 F.2d 162, 166 (10th Cir. 1975).  Inverness argues that Plaintiff's Complaint and response brief fail to allege sufficient facts to survive a motion to dismiss because they make no allegation that Asbury's control over Inverness extended beyond the single contract in question.

The Court concludes that Plaintiff's allegations in its response to the Motion to Dismiss, which clearly allege that the two companies function as a single entity, are sufficient and that the issue of alter-ego liability is not appropriate for determination on a Rule 12(b)(6) motion.  *See Fanning v. Brown*, 85 P.3d 841, 848 (Okla. 2004) (finding that the plaintiff was not held to any heightened pleading requirements regarding an alter-ego theory and that the trial court erred in dismissing claim to disregard corporate entity at Rule 12(b)(6) stage because it did not appear beyond a doubt that the plaintiff could prove no set of facts in support of her theories of recovery). Even assuming Plaintiff's Complaint is insufficient in this regard, the Court would still have a duty

---

[2] There is an exception to the general rule where an agent, acting within the scope of his authority, "steps aside to engage in a tortious act to the injury or property rights of another."  *See Bane*, 786 P.2d at 1234.  The exception "applies to actions for fraud, negligence, and conversion by the agent."  *Id.*  Here, the only tort allegedly committed by Asbury is tortious interference with contract, which is addressed below.

to allow amendment of the Complaint so long as the defect could be remedied. *Id.* Thus, the Court will construe Plaintiff's Complaint to allege that Asbury and Inverness should be treated as one entity for purposes of Inverness' alleged breach of contract and will allow Plaintiff to proceed with such theory of liability.

      B.     Asbury's Liability for Tortious Interference with Contract

Construing the Complaint liberally as the Court must, the Court concludes that Paragraph 5 of the Complaint can be construed to allege a tortious interference claim based on the action of Asbury's employees.  However, Asbury correctly argues that, because it acted as an agent of Inverness in communicating with Plaintiff regarding the Contract, it cannot be held liable for tortious interference with the Contract. *See Voiles v. Santa Fe Minerals, Inc.*, 911 P.2d 1205, 1210 (Okla. 1996) (a party cannot be found to wrongfully interfere with a contract "if it was acting in a representative capacity for a party to that contract"); *Metroplex Properties, LLC v. Oral Roberts University*, 956 P.2d 926, 931 (Okla. Ct. App. 1998) (holding that the president and other representatives of university could not be found to have tortiously interfered with a contract between the plaintiff and the university where they were acting in representative capacity for the university). Accordingly, the Court concludes that Asbury itself cannot be liable for tortious interference when Asbury employees were acting in a representative capacity to Inverness regarding the Contract.

It is therefore ORDERED that Asbury's Motion to Dismiss (Docket No. 9) is GRANTED IN PART AND DENIED IN PART.  Asbury's motion to dismiss Plaintiff's claim against Asbury for tortious interference with contract is GRANTED.  Asbury's motion to dismiss Plaintiff's claim against Asbury for breach of contract that is based on agency theory of liability is GRANTED. Asbury's motion to dismiss Plaintiff's claim against Asbury for breach of contract that is based on

an "alter ego" theory of liability is DENIED.

ORDERED this 23rd day of February, 2006.

TERENCE  KERN
UNITED STATES DISTRICT JUDGE